Jin v. Holder

BIA
Vomacka, IJ
A200 733 629

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand fourteen.

PRESENT:
        JOHN M. WALKER, JR.,
        DENNIS JACOBS,
        CHRISTOPHER F. DRONEY,
          *Circuit Judges.*

_____

CHUNHONG JIN,
        *Petitioner,*

        v.                    13-3056
                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Evan Goldberg, Of Counsel, Law
                         Office of Theodore M. Davis, New
                         York, New York.

**FOR RESPONDENT:** **Stuart F. Delery, Assistant Attorney General; Jennifer L. Lightbody; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Chunhong Jin, a native and citizen of the People's Republic of China, seeks review of a July 29, 2013, decision of the BIA affirming the May 4, 2012, decision of Immigration Judge ("IJ") Alan A. Vomacka, denying her asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chunhong Jin*, No. A200 733 629 (B.I.A. July 29, 2013), *aff'g* No. A200 733 629 (Immig. Ct. N.Y. City May 4, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the basis for denying relief that the BIA expressly declined to consider (the IJ's adverse credibility determination). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522

2

(2d Cir. 2005); *see also Yan Chen*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  The only issue before us is the agency's denial of withholding of removal based on its determination that Jin failed to demonstrate a nexus between the harm she suffered and feared and a protected ground.

In *Jin Jin Long v. Holder*, 620 F.3d 162 (2d Cir. 2010), we remanded to the BIA for further consideration of the petitioner's claim that he was persecuted on account of his political opinion when he was arrested, detained, and beaten for providing assistance to North Korean refugees who had illegally entered China.[*]  In doing so, we noted that the Chinese government's arrests of individuals suspected of aiding North Korean refugees "can be seen as enforcement of the law (assuming there is a law prohibiting assistance to North Korean refugees), but it [might] also suggest an

---

[*]  In *Jin Jin Long*, we denied a second petition raising a similar claim because that petitioner did not argue that officials imputed a political opinion to him and because the record did not support an inference that the petitioner (who was neither arrested nor harmed) acted from a political motive or that government officials were investigating him as an attempt at suppression.  620 F.3d at 168.

3

active resistance to China's North Korean immigration policies, and an attempt at suppression." *Id.* at 167. Although the petitioner "testified that his conduct was humanitarian or charitable, and did not cast his motives as political," we found that "the BIA failed to consider a number of facts that may support an inference that his arrest and detention were pretextual." *Id.* Specifically, the petitioner had testified credibly that: (1) he was never formally charged or brought before a judge; (2) he was "subjected to prolonged detention and repeated physical abuse"; and (3) "U.S. State Department country reports on China suggest[ed] that the North Korean refugee issue is politically charged." *Id.* Therefore, we remanded for the BIA to determine "whether there is a law barring assistance to North Koreans, and (whether there is or not) in what circumstances persecution of those who assist North Korean refugees would constitute persecution on account of a protected ground." *Id.* at 164; *see also id.* at 167-68.

We find that remand is warranted for similar reasons in the present case. The BIA attempted to distinguish Jin's case from *Jin Jin Long* because the IJ focused on Jin's admission that she had given her North Korean cousin money

4

to enter China in violation of immigration laws. However, the record does not support the IJ's assumption that Jin was charged and punished for violating a generally applicable anti-smuggling law. In addition, as in *Jin Jin Long*, the agency simply ignored evidence that the Chinese government did not formally charge Jin with any crime and that police subjected her to a lengthy detention and repeated physical abuse, from which one could infer that her arrest and detention were pretextual. *See Jin Jin Long*, 620 F.3d at 167-68.

Accordingly, because the agency assumed, without support, that Jin was legitimately prosecuted for smuggling, and ignored evidence that supported the inference that her detention was a pretext for persecution on account of an imputed political opinion, remand is appropriate. *See id.*

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5